UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL FOSTER, | ) Case No. CV 15-6543-DMG-KK |
| Plaintiff, | ) |
| v. | ) **ORDER DISMISSING COMPLAINT** |
| | ) **WITH LEAVE TO AMEND** |
| C.D.C.R., ET AL., | ) |
| Defendants. | ) |

    Plaintiff James Earl Foster ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants California Department of Corrections and Rehabilitation, Richard J. Donovan Correctional Facility, Mule Creek State Prison Doctor Fowler, Sergeant McGee, and Correctional Officer B. Miller. Plaintiff alleges defendant Fowler conspired against him, defendant McGee violated the First Amendment by retaliating against him, defendant Miller violated the Eighth Amendment by using excessive force against him, and unspecified actors acted with deliberate indifference to his medical care and safety on a prison yard. The Court has

1

screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court dismisses Plaintiff's complaint with leave to amend.

## I.
## BACKGROUND

On August 26, 2015, Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Compl. 1. The caption of the complaint names California Department of Corrections and Rehabilitation, Richard J. Donovan Correctional Facility, Mule Creek State Prison Doctor Fowler, and Correctional Officer B. Miller as defendants. Id. The body of the complaint omits California Department of Corrections and Rehabilitation and Richard J. Donovan Correctional Facility, while naming Doctor Fowler, Sergeant McGee, and Correctional Officer B. Miller as defendants. Id. 3-4. Plaintiff sues defendants Fowler, McGee, and Miller in their individual capacities. Id.

Plaintiff alleges defendant Fowler conspired against him as follows: "he made it seem like 3 doctors [at] San J[oaqu]in Valley Hospital were responsible for getting me sick, but wasn't (used me to do it conspired)." Id. at 4. Plaintiff also alleges defendant McGee violated the First Amendment by retaliating against him as follows: "he told me after I got set up to get beat up, if I didn't sign a resolvement, I couldn't go to D.S.H. Stockton for treatment and [he] would place me in the hole for my safety. He blackmailed me, made me go along with whatever he wrote to satisfy the situation." Id. at 3. In addition, Plaintiff alleges defendant Miller violated the Eighth Amendment by using excessive force against him as follows: "C/O B. Miller got me beat up at chow Sept. 8th 2014 at 7:20 A.M." Id. at 4.

Plaintiff further alleges unspecified actors, acting with deliberate indifference, violated his Eighth Amendment rights as follows: "I was not weened

off closiril properly[,] . . . they've stopped my nitro stat, putting me in danger[,] . . . [and] I've also been hurt twice on a IV yard as a level II." Id. at 5.

Plaintiff requests medical treatment, "$60.00 a month forever," placement in Atascadero State Hospital, warnings addressed to "all closiril patients," and reprimands directed to defendants Fowler, McGee, and Miller. Id. at 6.

## II.
## STANDARD OF REVIEW

As Plaintiff is proceeding in *forma pauperis*, the Court must screen Plaintiff's complaint, and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).

However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is *pro se*. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## III.

## DISCUSSION

**A.** **Plaintiff Fails To Name Consistent Defendants**

    **1.** **Applicable law**

Plaintiff improperly names different defendants in his complaint's caption and body. Compl. 1. To survive dismissal, a complaint must "enable the opposing party to defend itself effectively." Starr, 652 F.3d at 1216.

    **2.** **Analysis**

Here, Plaintiff's failure to name consistent defendants in his complaint precludes opposing parties from defending themselves. Compl. 1. The caption of Plaintiff's complaint names California Department of Corrections and Rehabilitation, Richard J. Donovan Correctional Facility, Mule Creek State Prison Doctor Fowler, and Correctional Officer B. Miller as defendants. Id. However, the body of the complaint names only Doctor Fowler, Sergeant McGee, and Correctional Officer B. Miller as defendants. Id. 3-4. Such inconsistent naming precludes opposing parties from deducing whether Plaintiff makes any claims against them and identifying which claims Plaintiff makes against which defendant. Starr, 652 F.3d at 1216. Thus, Plaintiff's failure to name consistent defendants merits dismissal of his complaint. Fed. R. Civ. P. 8(a)(2).

**B.** **Plaintiff Fails To State A Conspiracy Claim Against Defendant Fowler**

    **1.** **Applicable law**

Plaintiff's vague allegation that defendant Fowler conspired against him fails to state a claim. Compl. 4. A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)

(citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

### 2. Analysis

Here, Plaintiff fails to allege an actual deprivation of constitutional rights resulting from defendant Fowler's alleged actions.  Compl. 4.  Hence, Plaintiff fails to state a conspiracy claim against defendant Fowler.  Hart, 450 F.3d at 1071.

### C. **Plaintiff Fails To State A First Amendment Retaliation Claim Against Defendant McGee**

### 1. Applicable law

Plaintiff's allegation that defendant McGee retaliated against him by telling him unless he "sign[ed] a resolvement," he could not "go to D.S.H. Stockton for treatment" and would be placed "in the hole" also fails to state a claim.  Compl. 3.  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in protected conduct; (2) an assertion that a state actor took some adverse action against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

**2. Analysis**

Here, Plaintiff does not allege he was engaged in protected conduct. Compl. 3. Thus, Plaintiff fails to state a First Amendment retaliation claim against defendant McGee. Rhodes, 408 F.3d at 567-68.

### D. Plaintiff Fails To State An Eighth Amendment Excessive Force Claim Against Defendant Miller

**1. Applicable law**

Plaintiff's allegation that defendant Miller used excessive force against him also fails to state a claim. Compl. 4. The "settled rule [is] that the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) (internal quotation marks omitted, ellipses in original). "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (footnote omitted). The relevant inquiry for determining whether prison officials accused of using excessive physical force inflicted unnecessary and wanton pain is whether force was applied in a good faith effort to maintain or restore discipline, or, instead, was applied maliciously and sadistically for the very purpose of causing harm. Hudson, 503 U.S. at 6 (internal quotation marks omitted).

**2. Analysis**

Here, Plaintiff does not allege facts as to any of the elements for an excessive force claim with respect to defendant Miller. Compl. 4; Hudson, 503 U.S. at 6. Thus, Plaintiff fails to state an Eighth Amendment excessive force claim against defendant Miller. Id.

### E. **Plaintiff Fails To State Eighth Amendment Deliberate Indifference Claims Against Unspecified Defendants**

#### 1. Applicable law

Plaintiff's allegations that his medication regimen was mismanaged and his safety was compromised on a prison yard also fail to state claims. Compl. 5.

A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To show deliberate indifference with respect to medical needs, an inmate must show the defendant officials: (1) deprived him of an objectively serious medical need; and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Serious medical needs under the objective prong of this test include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Lopez, 203 F.3d at 1131 (internal citation and quotation marks omitted). The required subjective showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998) (citing Farmer, 511 U.S. at 837).

In addition, prison officials violate the Eighth Amendment when they deny humane conditions of confinement with deliberate indifference. Farmer, 511 U.S. at 832. To state an Eighth Amendment violation with respect to conditions of confinement, an inmate must show objective and subjective components. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires

an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires the prison officials had the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. Farmer, 511 U.S. at 837-38.

### 2. Analysis

Here, Plaintiff does not allege facts sufficient to state deliberate indifference claims with respect to either his medical care or conditions of his confinement. Wilson, 501 U.S. at 297; Osolinski, 92 F.3d at 938. Moreover, Plaintiff fails to identify which defendants are named in these claims. Compl. 5. To the extent Plaintiff wishes to pursue these claims, he must allege each element as to each defendant and identify personal participation with respect to each defendant. Id.

## IV.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, Plaintiff's complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, the Court grants leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT within 21 days of the service date of this Order:

1) Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.

2) If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First

9

1 Amended Complaint," it must bear the docket number assigned to this
2 case, and it must be retyped or rewritten in its entirety, preferably on
3 the court-approved form. The First Amended Complaint must be
4 complete in and of itself, without reference to the original complaint
5 or any other pleading, attachment or document.

6 An amended complaint supersedes the preceding complaint. Ferdik v.
7 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will
8 treat all preceding complaints as nonexistent. Id. Because the Court grants
9 Plaintiff leave to amend as to all his claims raised here, any claim raised in a
10 preceding complaint is waived if it is not raised again in the First Amended
11 Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

12 **The Court cautions Plaintiff that his failure to timely comply with this**
13 **Order may result in the Court dismissing this action for failure to prosecute**
14 **and/or comply with court orders**.

17 DATED: September 25, 2015

_____
HON. KENLY KIYA KATO
United States Magistrate Judge