UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>C.D.C.R., et al.,<br><br>　　　　　Defendants. | Case No. CV 15-6543-DMG (KK)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable Dolly M. Gee, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## I.

## **SUMMARY OF RECOMMENDATION**

Plaintiff James Earl Foster ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against defendants California Department of Corrections and Rehabilitation, Richard J. Donovan Correctional Facility, Mule Creek State Prison Doctor Fowler, Sergeant McGee, and Correctional Officer B. Miller. On September 25, 2015, the Court dismissed the Complaint with leave to amend for failure to state a claim. The Court granted Plaintiff until October 16, 2015 to file a

First Amended Complaint ("FAC"). That date passed and Plaintiff failed to file a FAC, or request an extension of time to do so. Thus, it is recommended this action be **DISMISSED** without prejudice for failure to prosecute and obey court orders.

## II.

## PROCEDURAL HISTORY

On August 26, 2015, Plaintiff, an inmate at California State Prison, Corcoran, constructively filed[1] the Complaint pursuant to 42 U.S.C. § 1983. Compl. at 6. The Complaint's caption named California Department of Corrections and Rehabilitation, Richard J. Donovan Correctional Facility, Fowler, and Miller as defendants. Id. The Complaint's body omitted California Department of Corrections and Rehabilitation and Richard J. Donovan Correctional Facility, while naming Fowler, McGee, and Miller as defendants. Id. at 3-4. The Complaint alleged: (1) defendant Fowler "made it seem like 3 other doctors [in] San J[oa]quin Valley Hospital were responsible for getting [Plaintiff] sick but wasn't (used [Plaintiff] to do it conspired);" (2) defendant McGee violated the First Amendment by retaliating against him; (3) defendant Miller violated the Eighth Amendment by using excessive force against him; and (4) unspecified actors acted with deliberate indifference to his medical care and safety. Id. at 1-6.

On September 25, 2015, the Court issued an Order Dismissing the Complaint with Leave to Amend. Dkt. 11, Order Dismissing Compl. Leave Am. at 1-10. The Court found the Complaint failed to: (1) name consistent defendants; (2) state a conspiracy claim against defendant Fowler; (3) state a First Amendment retaliation claim against defendant McGee; (4) state an Eighth Amendment

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Plaintiff signed his complaint on August 26, 2015. ECF Docket No. ("Dkt.") 1, Compl. at 6. Thus, the Court deems August 26, 2015 the filing date.

excessive force claim against defendant Miller; and (5) state Eighth Amendment deliberate indifference claim against the unspecified defendants. Id. at 5-9. The Court ordered Plaintiff to file a FAC curing the Complaint's deficiencies by October 16, 2015. Id. at 9-10. The Court expressly warned Plaintiff failure to file a FAC in accordance with the Court's instructions would result "in the Court dismissing this action for failure to prosecute and/or comply with court orders." Id. at 10.

The time for filing a FAC passed and Plaintiff failed to timely file a FAC, or request an extension of time in which to do so. Hence, on November 2, 2015, the Court issued its original Report and Recommendation this action be dismissed without prejudice for failure to prosecute and comply with court orders. See Dkt. 12, R & R.

On November 4, 2015, Plaintiff constructively filed a letter: (1) conceding he received the Court's original Report and Recommendation; (2) stating he "d[id] not understand the law;" and (3) arguing "it is not fair to dis[m]iss [his] case [be]cause of ignorance as to what to do or follow thru w/ what happened to [him] was horrible and [he] object[ed] to dismis[s]al." Dkt. 16, Pl.'s Nov. 4, 2015 Letter at 1. Plaintiff did not file an amended complaint.

The Court issues this Final Report and Recommendation, addressing Plaintiff's letter in III.B.

## III.

## DISCUSSION

**A.   THE COURT DISMISSES THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS**

    **1.   Applicable Law**

It is well established district courts have sua sponte authority to dismiss actions for failure to prosecute or obey court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (standard applied in

dismissal for failure to prosecute); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute, or follow the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to obey court orders).

In deciding whether to dismiss for failure to prosecute or obey court orders, a district court must consider five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

**2. Analysis**

Here, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal. Plaintiff has neither filed a FAC as per the Court's September 25, 2015 Order, nor filed a request for an extension of time in which to do so. This failure to prosecute and respond to court orders hinders the Court's ability to move this case toward disposition, and suggests Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on the merits -- ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to obey court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless a plaintiff has been notified dismissal is imminent, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court's September 25, 2015 Order warned Plaintiff about the possibility of dismissal. In addition, Plaintiff received further notification with the original Report and Recommendation and the accompanying notice of the right to file objections.

**B.  PLAINTIFF'S IGNORANCE DOES NOT EXCUSE HIS FAILURE TO PROSECUTE AND OBEY COURT ORDERS**

   **1.  Applicable Law**

"Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se." Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987) (reexamined by Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (noting "[w]hile pro se litigants are not excused from following court rules," a plaintiff's failure to respond to a motion "may have been a communication problem within his group of assistants")); see King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (stating "[p]ro se litigants must follow the same rules of procedure

5

that govern other litigants") (overruled on other grounds by <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 925 (9th Cir. 2012)).

### 2. Analysis

Here, Plaintiff concedes he received the Court's original Report and Recommendation, but argues his action should not be dismissed because he lacks knowledge of the law. <u>See</u> Pl.'s Nov. 4, 2015 Letter at 1. Despite Plaintiff's <u>pro se</u> status and ignorance of the law, he must obey court orders. <u>See</u> <u>Swimmer</u>, 811 F.2d at 1345. The Complaint was dismissed for failure to state a claim, and Plaintiff has failed to file an amended complaint attempting to cure the deficiencies outlined by the Court's dismissal order. In addition, the Court dismisses Plaintiff's action without prejudice, giving Plaintiff the option of filing the action again if he chooses to do so. Under these circumstances, the Court declines to excuse Plaintiff's failure to prosecute and obey court orders.

## IV.
## **RECOMMENDATION**

Accordingly, it is recommended the District Court issue an order: (1) accepting this Final Report and Recommendation; and (2) directing Judgment be entered dismissing this action without prejudice for failure to prosecute and obey court orders.

DATED: December 28, 2015

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE